JUDGE FORREST

Vikrant Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

12 CIV 9402

RECEIVED
DEC 27 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DERRELL C. JONES,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. ALAN DAAB,
LT. DENNIS KLEIN, SGT. SHAUN MARA, DET.
SEAN WARD, SGT. MCKENNA, P.O. BRYAN
PIERRE, JOHN AND JANE DOES,

                              Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Demand

        Plaintiff DERRELL C. JONES (hereinafter "Plaintiff") by and through his

attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.        Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of

their civil rights, as secured by statutes and the Constitution of the State of New York and

the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7.      Plaintiff Derrell C. Jones (hereinafter "Plaintiff") is a citizen of the United States, and at all relevant times was a  resident of the City, County, and State of New York.

8.     Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendants Lt. Klein, Sgt. Mara and Sgt. McKenna are supervisory officers who were responsible for supervision of their subordinates and are sued in their individual, official and supervisory capacities.

10.    Defendants Ward, Raab and Pierre are alleged to have acted under the color of state law and are sued in their individual and official capacities.

11.    The named and yet to be named individual Defendants are employees of Defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

12.    On or about March 2, 2012, around 9:30 p.m., the Defendants assigned to the 105th precinct entered upon the premises 142-19 Hook Creek Boulevard in the County of Queens, City and State of New York for the purpose of executing a search warrant. The Defendants did not have arrest warrants for individuals prior to entering to the premises. Plaintiff had been inside the subject premises for no more than 10 minutes, having stopped over after going to a nearby funeral.

13.    According to a Criminal Court Complaint later sworn to by Defendants, upon Defendants entering the premises they encountered the Plaintiff and eight other

3

persons who were sitting in the living room of the premises.  Upon entry by the
Defendants, plaintiff stayed on the ground as directed by the defendants while the other
occupants attempted to flee. The Defendants chased after the fleeing individuals and took
all of them all into custody.  Thereafter the police observed:

> A person other than the Plaintiff in possession of a
> 9mm pistol, throw said pistol to the bathroom floor. A 380
> pistol recovered from on a windowsill in the rear bedroom.
> Another 380 pistol was recovered from a front bedroom.
> A .38 Special revolver was recovered from a plastic tub in
> the front bedroom, and yet another 9mm pistol recovered
> from under a mattress in the front bedroom.

14.    The Defendant police officers claimed that they saw the Plaintiff
attempting to flee with others that had been in the living room and that he tried to exit
through a back door.

15.    At no time was the Plaintiff observed to be in physical possession of
any of the five handguns described above that were seized by the Defendants.  Nor was
Plaintiff ever observed in the bathroom or the two bedrooms where the various handguns
were recovered.

16.    Despite the fact that Plaintiff was not seen in physical possession
of any of the handguns, and not having been seen or physically present in any of the
rooms where the above described weapons were found, the Defendant police took
Plaintiff into custody at the scene, and charged him with possession of each of the
handguns described above.

17.    At the time of the above described event, Plaintiff was an African–
American male 18 years of age and a resident of the City, County, and State of New
York.

18.     Prior to March 2, 2012, Plaintiff had never been convicted of a crime nor found to be a youthful offender.

19.     Prior to living in Manhattan with his mother, they had resided in Springfield Gardens, Queens, New York.

20.     After being placed in custody by the Defendants, Plaintiff was transported to the 105th precinct where he was held in a jail cell for more than twelve (12) hours, fingerprinted and processed.

21.     During the processing period, Defendants attempted to question Plaintiff and suggested that Plaintiff cooperate with the Defendants by giving them information about the other eight people who had been arrested.  The Plaintiff informed Defendants that he had no information to give.  In retaliation, the Defendants then fabricated documentation, which led to Plaintiff being criminally charged with having been in custody of the seized weapons at or about the time of the execution of the warrant.

22.     The false documentation created by Defendants and their fellow officers whose names are unknown at this time was reviewed without question or correction by their superior officers who ratified the arrest of Plaintiff and thus permitted the process to continue.

23.     Thereafter, the Defendants swore to an affidavit and other documents claiming that Plaintiff had been in possession of said weapons knowing full well that Plaintiff had not been in physical or constructive possession of same, and that the affidavit would become part of a criminal court complaint that would be presented to a judge for a determination of whether Plaintiff should continue to be prosecuted or not, and if so, should he be released or held on bail or not.

24.    In the course of being processed, the Plaintiff was brought to central booking, then brought to court, where a judge set bail after reviewing the criminal court complaint which had been sworn to by defendants.

25.    Based upon the false and misleading information submitted by Defendants at the time of his arrest, processing, and arraignment in Criminal Court, Plaintiff was charged with a felony.  Thereafter, defendants repeated the same misleading and false information in the Grand Jury, which caused the Plaintiff to be indicted for the possession of the weapons found during the execution of the warrant.

26.    On July 13, 2012 a judge of the Supreme Court, Queens County, dismissed the indictment as to Plaintiff after making a factual finding that the Plaintiff had never been seen in possession of any of the weapons, nor had Plaintiff been seen in either of the bedrooms or the bathroom where any weapon had found, nor did the Plaintiff ever reside in or have any possessing interest in the premises.

27.    Upon dismissing the indictment, the judge gave the prosecution permission to represent the case to the Grand Jury if they obtained more evidence from the Defendants.  The case was never represented.

28.    As a result of being arrested and maliciously prosecuted on the false charges, the Plaintiff spent over five (5) months in custody.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

29.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    There was no probable cause for the arrest or the continued incarceration

of Plaintiff, and as such the Defendant's acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

31.    As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and he sustained physical and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.   The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

34.    As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants knew that by filing false charges against Plaintiff he would

very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence.

37.   Due to Defendants' actions, Plaintiff was deprived of life and liberty interest for over five (5) months.

38.   Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop and instead did pursue the charges knowing full well that the charges were trumped up. Defendants continued such prosecution solely in retaliation based upon Plaintiff's refusal to cooperate and give Defendants information or create evidence against his co-Defendants.  As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (*Monell*/Municipal Liability)

39.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.   The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting and extorting individuals suspected of crimes without due process based on

their age, color, and race and for voicing their concerns about improper police activity. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

42.     In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

43.     As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

45.     Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1981)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.   Defendants targeted Plaintiff falsely accused him of a crime because of his race and color and caused him deprivation of his constitutional rights.

48.   As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

49.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.   Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

51.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.   Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

53.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if

fully set forth herein.

54.    Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

57.    As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59.    The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

60.    The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

61.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

62.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

63.    As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Conspiracy under Section 1985)

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Defendants targeted and brutalized Plaintiff because of his being found in a location with other persons whom the police had targeted. When defendants could not find any evidence of criminal activity against the plaintiff, they conspired with each other to fabricate evidence and bring trumped up charges against the plaintiff.

66.    Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR A TWEVLTH CAUSE OF ACTION
### (Denial of Right to Fair Trial)

67.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    Defendants actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged his unlawful seizure and him being maliciously prosecuted.

69.    As a result of this, plaintiff was injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Supervisory Liability)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The Defendant supervisors had the supervisory duty to control their subordinates.  Instead through their own actions and inaction, plaintiff suffered injuries and therefore they are liable under supervisory liability.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Retaliation)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants threatened and attempted to bully plaintiff into providing them with information about a gang based in Queens.  However, plaintiff was unaware of any gangs and informed the defendants about this fact.  Because the plaintiff refused to falsely accuse or implicate others, defendants retaliated against him by arresting him and fabricating evidence against him that resulted in him being maliciously prosecuted and as a result, plaintiff suffered injuries.

**WHEREFORE,** Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this

action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       December **26**, 2012

                                    Vikrant Pawar, Esq.
                                    20 Vesey Street, Suite 1210
                                    New York, New York 10007
                                    (212) 571-0805

                                    By: _____
                                        Vikrant Pawar (VP9101)
                                        Robert Blossner (RB0526)
                                        *Attorneys for Plaintiff*

14